UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QABAIL HIZBULLAHANKHAMON,<br><br>        Petitioner,<br><br>    -against-<br><br>C. YEHL, Superintendent of Wende Correctional Facility of N.Y.S., In replace of H. Walker, previous superintendent of Auburn Correctional Facility, authorized person having custody of Petitioner,<br><br>        Respondent. | 22-CV-7991 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Petitioner, currently incarcerated at Wende Correctional Facility, brings this *pro se* petition pursuant to 28 U.S.C. § 2254, challenging his August 8, 1988 conviction in the New York Supreme Court, Bronx County. The Court transfers this action to the United States Court of Appeals for the Second Circuit for the reasons set forth below.

  Petitioner brings this action as a "Motion in the S.D.N.Y. In accordance with F.R.C.P. Rule 60 Motion Practice under title 28 U.S.C. § 2254 FOR Writ of Habeas Corpus by a Person in State Custody." A review of the court's records reveals that Petitioner previously brought a Section 2254 petition challenging his August 8, 1988, conviction, and that petition was dismissed on the merits. *See Hizbullahankhamon v. Walker*, No. 99-CV-5016 (S.D.N.Y. July 31, 2000), *aff'd*, No. 00-2493 (2d Cir. Sept. 10, 2001). Where a petitioner challenges the denial of a *habeas corpus* petition in a motion brought under Rule 60(b), "relief . . . is available . . . only when the Rule 60(b) motion attacks the integrity of the . . . habeas proceeding rather than the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). Here, Petitioner does not attack the integrity of the *habeas* proceeding; rather, he challenges the underlying

conviction. As this challenge is not an attack on the *habeas* proceeding held in this court, Petitioner's request for relief under Rule 60(b) is denied.

Because Petitioner seeks to challenge his state court conviction, the proper jurisdictional basis for the application is a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. *See Cook v. New York State Div. of Parole*, 321 F.3d 274 (2d Cir. 2003). Because Petitioner, has already challenged this sentence by filing a petition under Section 2254, the Court is not required to provide Petitioner an opportunity to withdraw this application before it is recharacterized as a Section 2254 Petition. *See Jiminian v. Nash*, 245 F.3d 144, 148 (2d Cir. 2001).

An application is second or successive if a prior petition attacking the same conviction was adjudicated on the merits. *See Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002). Because Petitioner's previous application for relief under Section 2254, challenging the same conviction, was adjudicated on the merits, this application is a second or successive petition. Before a second or successive *habeas* petition is filed in the district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A). Petitioner, therefore, must move in the United States Court of Appeals for the Second Circuit for permission to pursue this application. 28 U.S.C. § 2244(b)(3)(A).[1]

---

[1] Any motion to the Court of Appeals must show that: (A) the claim being raised by the petition "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or (B) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," 28 U.S.C. § 2244(b)(2)(B)(i)-(ii).

## CONCLUSION

In the interest of justice, the Court transfers this application, construed as a petition under Section 2254, to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1631; *see also Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996) (*per curiam*). This order closes this case. If the Court of Appeals authorizes Petitioner to proceed in this matter, he shall move to reopen this case under this civil docket number.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 20, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge